929 F.2d 693
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John D. KEPLINGER, Richard T. Willis, James H. Shelton,
Plaintiffs-Appellants,
v.
BLUE CROSS & BLUE SHIELD OF VIRGINIA, Defendant-Appellee.
 No. 90-2434.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 23, 1991.
Decided April 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-90-14-R)
 Robert Patrick Geary, Richmond, Va., for appellants.
 Alma Jackson, Blue Cross and Blue Shield of Virginia, Richmond, Eva S. Tashjian-Brown, Cynthia E. Hudson, McGuire, Woods, Battle & Boothe, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 John D. Keplinger, Richard T. Willis, and James H. Shelton brought this action alleging that Blue Cross and Blue Shield of Virginia (Blue Cross) terminated their employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq. The district court granted the motion of Blue Cross for summary judgment, and this appeal followed.
 
 
 2
 The terminations were part of a massive reorganization of Blue Cross spearheaded by Raymond Slabaugh, Executive Vice President of External Operations. Slabaugh was concerned that the Blue Cross marketing department was not as responsive to the customer as it should be and that there were too many managers whose job was to supervise other managers instead of to service customers. As a result, the marketing department was streamlined. In the process, Keplinger (age 51), Willis (age 51), and Shelton (age 41), among others, lost their jobs.
 
 
 3
 This appeal lacks merit. We are not convinced in the first instance that Shelton established a prima facie case of age discrimination under the applicable case law. See Herold v. Hajocca Corp., 864 F.2d 317, 319 (4th Cir.1988), cert. denied, 57 U.S.L.W. 3771 (U.S.1989). Shelton was terminated while an older employee was placed in the position for which both were in contention. Shelton contrasted the retention of a younger employee with his termination; however, Shelton did not refute the statement of Blue Cross that the retained employee had an information systems background that Shelton lacked. Neither Keplinger nor Willis established that Blue Cross's stated reason (superior performance) for its retention of Randy Sink (age 36), instead of them, was pretextual. See id. Similarly, none of the plaintiffs presented evidence that would state a disparate impact claim under the ADEA. See Mallory v. Booth Refrigeration Supply Co., 882 F.2d 908, 912 (4th Cir.1989).
 
 
 4
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 5
 AFFIRMED.